### RIDGWAY et al. v. HAWKINS.

(Supreme Court, Appellate Division, Second Department. December 5, 1907.)

TRESPASS—TRESPASS TO REALTY—TITLE TO SUPPORT ACTION.

> Where, in trespass on unoccupied land, it was admitted that the entry was on the land described by the complaint, and the only question was whether plaintiff or defendant's licensor owned the land, and plaintiff proved an unbroken chain of title back to 1745, and defendant showed a chain of title in his licensor from 1828, plaintiff was entitled to recover; Code Civ. Proc. § 960, providing that, in trespass on unoccupied lands, plaintiff on showing an unbroken chain of title for 30 years is presumptively the owner.
>
> [Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trespass, §§ 18–31.]
>
> Rich, J., dissenting.

Appeal from Trial Term, Suffolk County.

Action by Sarah G. Ridgway and others against Alexander Hawkins. From a judgment for plaintiffs, defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, RICH, MILLER, and GAYNOR, JJ.

Ackerly & Miles, for appellant.
Livingston Smith, for respondents.

GAYNOR, J. This is an action for damages for trespass on unoccupied lands in Suffolk county by cutting timber thereon. The court directed a verdict for the plaintiff. The complaint describes the lands particularly, and also as being lot 29 in the West Meadow Division of the township of Brookhaven, alleges title thereto in the plaintiffs and the trespass by the defendant on specified dates. The answer admits that the defendant on the said dates "entered upon the lands and premises described in the complaint and cut down some standing trees and timber thereon," but alleges as a defence that the said lands were then and are the lands of one Hawkins, and that such entry of the defendant was by her consent and authority.

There was therefore no dispute in respect of the locus in quo, it being admitted by the answer that the entry was made upon the lot described in the complaint. The only question therefore was whether the plaintiffs or the defendant's licensor owned it. By section 960 of the Code of Civil Procedure proof in an action for trespass upon unoccupied lands of an unbroken chain of title in the plaintiff for thirty years next preceding the trespass is presumptive evidence of his ownership. The alleged trespass was in 1906, and the plaintiffs proved an unbroken chain of title to the said lot 29 from thence back to 1745, having first put in evidence the town record of a written instrument made by a committee of the trustees of the common lands of the town of Brookhaven in 1738 of the division of the West Meadow lands into 46 lots and giving the boundaries of each. The course of the trial, including the failure of the defendant to move to dismiss, shows that there was no question that each conveyance in the plaintiffs' chain conveyed the land described in the complaint, and the brief for the defendant on this appeal expressly admits that to be the fact in these words:

"The plaintiffs trace a record title of a certain lot number 29 in that division down and into themselves."

And then follows a statement of the defendant's theory of the plaintiff's case.

The defendant put in evidence a chain of conveyances beginning in 1828 and terminating in his licensor. If it should be conceded that the land thereby conveyed was the locus in quo, i. e., lot 29 (which does not seem to have been either proved or claimed), it would not help the defendant, for the title proved by the plaintiffs, and which is presumptively good, runs back 83 years further than the chain of conveyances proved by the defendant.

The learned counsel for the plaintiff called a surveyor to prove a map which he had made to show the boundaries and location of lot 29, and it may be he failed to do so. But there was no need of such a map, and the mind of the learned trial judge was not misled by the pother about it.

The judgment should be affirmed.

Judgment affirmed, with costs.

WOODWARD and MILLER, JJ., concur. HIRSCHBERG, P. J., not voting.

RICH, J. (dissenting). I am unable to agree with my associates in this case. Defendant admits going upon the premises described in the complaint; but alleges that they were owned by Myra B. Hawkins, who had given him permission to go upon them, and the only question in dispute was the location of this line. Plaintiffs have shown a paper title from the year 1738 and defendant from about 1829. Upon the trial the plaintiffs called a surveyor who, after testifying to the line, admitted upon his cross-examination that there were no visible monuments of any kind; that he started from the "old field gate,"

and ran the lots out according to the record. He did not know the location of the "old field gate" of his own knowledge, and relied upon information obtained from people living in the neighborhood. This he was compelled to do because there was no visible trace of this starting point. Neither party has ever occupied the land in dispute, and it was necessary for plaintiffs to show that the conveyances constituting their chain of title covered the locus in quo. In order to meet this requirement they called the surveyor, who relied entirely upon hearsay evidence in locating his starting point. Defendant did not concede the accuracy of this survey. On the contrary, he called a surveyor, who denied its correctness. At the close of the evidence, the learned trial justice directed a verdict for the plaintiff. In this we think he was in error. No one was called to give any information as to where the "old field gate" was located, and no evidence was offered upon the subject, except the hearsay evidence of plaintiffs' surveyor. He may have been correct, but the defendant was entitled to have the jury pass upon that question; and I must vote for a reversal of the judgment.